IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELSIE GUERRA, | § § § | |
| *Plaintiff,* | § § § | SA-20-CV-00536-XR |
| vs. | § § § | |
| CITY OF PLEASANTON, INDIVIDUALLY; TRAVIS HALL JR., CURRENT MAYOR OF PLEASANTON, TEXAS; JOHNNY HUIZAR, CITY MANAGER OF PLEASANTON, TEXAS; ROBERT (BOBBY) MALDONADO, LEAD COUNCIL FOR THE CITY OF PLEASANTON, TEXAS; AND BEN SIFUENTES, WAS COUNCIL FOR THE PLAINTIFF; | § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation and Order concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, filed April 30, 2020 [#1] and the undersigned's review of the pleadings pursuant to 28 U.S.C § 1915(e). The motion was automatically referred to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Court will grant the motion to proceed *in forma pauperis*, recommend Plaintiff's claims against Defendant Ben Sifuentes be dismissed as frivolous pursuant to Section 1915(e), and order service of Plaintiff's proposed Complaint upon the remaining Defendants.

1

## I. Motion to Proceed In Forma Pauperis

By her motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on her inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff is employed on an "as needed" basis by the City of Poteet but only receives $20.00 per month for this employment. Plaintiff also receives $2,194.63 in monthly retirement income. Plaintiff lists monthly expense in the amount of $2,214.00 and claims to have no significant savings. The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. Review of the Pleadings

Pursuant to 28 U.S.C. § 1915(e), this Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). A claim

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim but is not required to screen non-prisoner cases at the outset. In contrast, when an IFP case is filed by a prisoner, the court is

should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The undersigned has reviewed Plaintiff's proposed Complaint pursuant to Section 1915(e) and has determined that she has stated at least one non-frivolous claim in this action that confers subject matter jurisdiction on this Court. However, the Court has also determined that Plaintiff's claims against Defendant Ben Sifuentes should be dismissed as frivolous. Accordingly, the undersigned will only order service of Plaintiff's proposed Complaint on the other named Defendants.

Plaintiff's proposed Complaint [#1-1] sues the City of Pleasanton, her former employer, and several individuals who work for the City in their individual capacities—Travis Hall, Jr. (Mayor of Pleasanton), Johnny Huizar (City Manager of Pleasanton), and Robert "Bobby" Maldonado (Pleasanton's attorney) (collectively "the City Defendants"). Plaintiff also sues Ben Sifuentes, the attorney who represented her in prior proceedings before the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleges that Defendants conspired to terminate her employment as a judge for the City of Pleasanton Municipal Court in retaliation for her attempt to expose Defendants' "corrupt, criminal, and subversive activities" and her refusal to commit certain ordered illegal acts in her role as judge. (Compl. [#1-1] at 1.) According to the Complaint, Defendants established a quota to increase the collection of funds from the citizens of Pleasanton through fraudulent citations and illegal fines. (*Id.* at 2–3.) Plaintiff also contends that

---

required to screen a complaint prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

Defendants used their official positions with the City to "discriminate and retaliate against Plaintiff because of her age, sex and national origin" and prevent her lawful right to her retirement and other benefits. (*Id.* at 3.)

Plaintiff's proposed Complaint asserts 16 separate causes of action, some of which are federal claims under 42 U.S.C. § 1983 and some of which arise under Texas law, such as breach of contract and intentional infliction of emotional distress. Although Plaintiff does not specifically invoke Title VII or the Age Discrimination in Employment Act (ADEA) in her Complaint, she does allege facts regarding age, sex, and national origin discrimination related to her employment and termination. Plaintiff also alleges Defendants violated her rights to free speech and due process, engaged in a conspiracy to violate her civil rights and to terminate her employment through a sham process, and falsified documents submitted to the EEOC to hide the real reason for her termination.

**A.      The claims against Sifuentes should be dismissed as frivolous.**

Plaintiff's causes of action are alleged against "all Defendants" in most instances. However, the only allegations involving specific acts taken by Sifuentes are based on Sifuentes's alleged failure to submit accurate and timely information to the EEOC. (*Id.* at 3.) Plaintiff claims this information could have changed the outcome of the EEOC's investigation into her discrimination allegations against her employer. (*Id.*) Plaintiff asserts one cause of action against Sifuentes, a claim of negligence, which essentially alleges Sifuentes was ineffective and professionally negligent in his prior representation. (*Id.* at 5.)

This claim should be dismissed as frivolous. Plaintiff's claim is a claim of legal malpractice based on a theory of negligence under Texas law. *See Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). The Court does not have jurisdiction over this claim. Plaintiff has

not alleged any federal cause of action against Sifuentes, nor could she. Sifuentes was not her employer and could not be sued under Title VII or the ADEA. Neither is Sifuentes a state actor subject to suit under Section 1983, and there is no constitutional remedy for ineffective assistance of counsel under Section 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim not cognizable in Section 1983 lawsuit because retained counsel is not a state actor); *Mills v. Crim. Dist. Ct. #3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). There is also no Sixth Amendment right to the effective assistance of counsel in civil cases. *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).

Without a federal claim against Sifuentes, the only way for this Court to hear Plaintiff's negligence claim is through supplemental jurisdiction over the state-law claim. This Court only has supplemental jurisdiction over claims "that are so related to claims in the action" over which the Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Although the EEOC proceedings for which Sifuentes represented Plaintiff also arose out of her termination from employment, the quality of Sifuentes's representation is not a part of the same case or controversy as this lawsuit, which targets the allegedly illegal acts of City of Pleasanton employees and Plaintiff's allegedly wrongful termination by her employer. The undersigned will therefore recommend Plaintiff's claims against Sifuentes be dismissed as frivolous and will not order service of her proposed Complaint upon this Defendant.

**B.     The City Defendants should be served because Plaintiff has pleaded at least one non-frivolous claim against them.**

As for the remaining four Defendants, the undersigned finds that Plaintiff has stated at least one non-frivolous claim over which this Court has subject matter jurisdiction. Plaintiff alleges the City Defendants conspired to effectuate a sham termination process that violated her right to procedural due process in violation of 42 U.S.C. § 1983. Plaintiff may face significant hurdles in prevailing on this claim, as the City of Pleasanton is only liable under Section 1983 if Plaintiff establishes there is an official policy or custom underlying her constitutional violation. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001). And Plaintiff must ultimately prove that the individual Defendants are not entitled to the defense of qualified immunity, if they assert this defense. *See Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012). Nonetheless, the Court will permit Plaintiff's proposed Complaint to be served on the City Defendants.

Additionally, insofar as Plaintiff is attempting to plead causes of action under Title VII and/or the ADEA for employment discrimination, these claims would also confer federal subject matter jurisdiction on this Court. As noted above, Plaintiff pleads some facts regarding age, sex, and national origin discrimination but does not include a cause of action under Title VII or the ADEA. Plaintiff also attaches her EEOC Right to Sue letter to her proposed Complaint. Construing Plaintiff's pleading liberally, the undersigned also finds that Plaintiff's Title VII and ADEA claims gives this court subject matter jurisdiction and are nonfrivolous.

As a final note, Plaintiff does not include any dates, specific or approximate, in her proposed pleading from which the Court can evaluate the timeliness of Plaintiff's claims. However, her EEOC Right to Sue letter, which is dated January 31, 2020, gives Plaintiff the right to sue for her wrongful termination within 90 days of the issuance of the letter. (EEOC Right to Sue Letter [#1-1] at 11–14.) Plaintiff filed her motion to proceed IFP on April 30, 2020, making

her employment discrimination claims (if she is asserting any) timely.  As to her claims under Section 1983, these claims are governed by a two-year statute of limitations, based on the relevant state's limitations period for personal injury actions.  *Burns v. Harris Cty. Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)).  EEOC charges must be filed within 300 days of the alleged discrimination.  42 U.S.C. § 2000e-5(e)(1); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994) (explaining that filing period extends to 300 days in jurisdictions, like Texas, where state or local laws also prohibit discrimination, upon transmission of EEOC charge to Texas Commission on Human Rights ("TCHR")).  Accordingly, the Court also infers from the EEOC letter attached to Plaintiff's motion that her termination likely occurred within the two-year statute of limitations governing her Section 1983 claim.

Finally, nothing in this recommendation and order prevents the State Defendants from moving for dismissal of any of Plaintiff's myriad claims based on limitations or any other substantive issue.  The undersigned acknowledges that there may be numerous other defects as to specific claims contained in Plaintiff's proposed Complaint.  This recommendation and order merely find that Plaintiff has established at least one non-frivolous claim warranting service of her proposed Complaint.

### III.  Conclusion and Recommendation

Having reviewed Plaintiffs' motion and proposed pleading under the standards set forth in Section 1915(e),

**IT IS HEREBY ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, **for Defendants the City of Pleasanton, Travis Hall, Jr., Johnny Huizar, and Robert (Bobby) Maldonado**, and the United States Marshal's Service shall serve these Defendants with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

The undersigned also **recommends** that Plaintiff's claims against **Defendant Ben Sifuentes** be **DISMISSED** as frivolous and that service shall not be issued as to this Defendant.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party

from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of May, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE