CAUSE NO: _____

Elsie Guerra
1257 Encino Drive
Pleasanton, Texas 78064
Telephone: 830-200-9169
Plaintiffs in pro se

RECEIVED
APR 3 0 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

FILED
MAY 1 2 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

SA20CA0536 XR

| | |
|---|---|
| Elsie Guerra | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. |
| | ) |
| The City of Pleasanton, Individually; Travis Hall Jr., Johnny Huizar, Robert "Bobby" Maldonado, Ben Sifuentes | ) COMPLAINT FOR ) DAMAGES ARISING FROM ) VIOLATION OF CIVIL RIGHTS ) (Title 42 U.S.C. §§ 1983-1986); BREACH OF ) CONTRACT, BREACH OF FIDUCIARY |
| **Defendants** | ) DUTY, NEGLIGENCE. |

Jurisdiction for this lawsuit arises under Title 28 U.S.C. §§ 1331, 1343; 42 U.S.C. §§ 1983-1986, 1961-1966, and under the Constitution and laws of the United States.

**Discovery and Control Plan**

Discovery in this case is intended to be conducted under Level 3 pursuant to Texas Rules of Civil Procedure 190 and 190.3

**General Allegations and Summary of Lawsuit**

This lawsuit arises from the actions and the conspiracy of the defendants using legal processes and the termination of employment as a Judge from the City of Pleasanton Municipal Court and for Plaintiffs' exposure of corrupt, criminal, and subversive activities in key government offices mainly inside the City of Pleasanton Texas Offices, Council chambers, and executive session conference rooms located in Pleasanton, Texas 78064. The consequences of these offenses, and the cover-ups, and the actions by the defendants in seeking to halt Plaintiff' exposure activities include in several instances the conditions of which forced Defendants to breach an employment contract for not committing quotas, crimes and breaking Plaintiff oath as a lawfully sworn Municipal Judge.. Defendants' actions combined civil and constitutional violations with felonies, including obstruction of justice and inflicting harm against Plaintiff Elsie Guerra, a former Municipal Judge for the City of Pleasanton. Defendants terminated Plaintiff employment contract with the City of Pleasanton because she would not commit crimes as instructed by the City Manager Huizar at the direction of City Council members in their individual capacities. The fact that the Plaintiff has a discrimination EEOC complaint pending is a separate independent matter from these facts and allegations.

In their veiled misuse of legal process to halt Plaintiffs exposure activities, Defendants have engaged in a conspiracy inflicting harm upon Plaintiff. Defendants' acts violated civil and constitutional rights, under color of state law, violating federally protected rights. These violations create a cause of action under the Civil Rights Act (Title 18 U.S.C. §§ 1983-1988);. Defendants by the nature of their actions lose all Soveign Immunity and the right to be defended with an Attorney Paid for by Public and Taxpayer money during the commissions of felonies and

using the political system to subvert the Plaintiff exposure of federal violations and illegally requested quotas and to impose higher fines as in her authority as a Municipal Judge.

Plaintiff has sought to make information known to the people and Defendants as part of her constitutional rights and responsibilities, in an effort to cause Government personnel in their individual capacity to perform their legally required duties relating to such criminal activities, they have refused to correct the illegal activities.

## Venue

Venue is based upon (a) the wrongful acts and harm inflicted upon Plaintiff Elsie Guerra while she was a resident of the Western District of Texas and an employee of the City of Pleasanton; (b) Pleasanton Texas being the place of incorporation of the City of Pleasanton and it's Officers; and (c) harm occurring to interests located in Texas The City of Pleasanton and it's elected officials and city employees acted in their individual capacities as an "enterprise", with paid employees, organized for the purpose of handling all city issues both state and federally. The defendants caused actions to occur which affect matters in Texas and exercised and intend to exercise resources of the state of Texas.

## Plaintiffs

Plaintiff Elsie Guerra has resided in Pleasanton, Texas for the past 59 years and considers Texas her domicile and has an address of 1257 Encino Drive, Pleasanton, Texas 78064. Plaintiff is a former Appointed Municipal Judge for the City of Pleasanton for the past 18 years. Plaintiff has sought to make known to the people and Defendants information on corrupt and criminal activities implicating people holding key government positions, and which are inflicting great harm upon national and state interests to include residents of the City of Pleasanton, Texas.

## Defendants

Defendant **Johnny Huizar** is a City Manager of Pleasanton, Texas, acting in his individual capacity and against written policies, federal and state laws, may be served at 108 Second Street, Pleasanton, Texas 78064.

Defendant **Travis Hall** is the Current Mayor of Pleasanton, Texas, acting in his individual capacity and against written policies, federal and state laws. May be served at 108 Second Street, Pleasanton, Texas 78064.

Defendant **Robert "Bobby" Maldonado** is lead council for the City of Pleasanton, Texas, acting in his individual capacity and against written policies, federal and state laws. May be served at 310 S Saint Mary's Street, San Antonio, Texas 78205.

Defendant **Ben Sifuentes** was council for the Plaintiff acting in his individual capacity and against written policies, federal and state laws, negligence, breach of verbal contract, and breach of fiduciary duty. May be served at 417 San Pedro Ave, San Antonio, Texas 78212

## Preliminary Statement

Plaintiff Elsie Guerra has sought to provide information to the people, and to petition government, for the purpose of reporting corrupt, criminal and subversive activities implicating people in key government positions. Plaintiff had discovered these criminal activities during her employment with the City of Pleasanton within the past two years.

Plaintiff's efforts to report these matters to government personnel who had a duty to receive and act upon the federal crimes have been repeatedly blocked through sham legal processes, city council meetings, executive sessions, violations of substantive and procedural due process by people involved in the judicial process. The defendants named in this action engaged in the latest misuse of legal process to block the reporting of these corrupt, criminal and subversive activities. The Defendants in a conspiracy violated federal law using the Municipal Courts to set quotas and in a requested effort from Johnny Huizar at the direction of city council to bring in more money from fines and all citations issued to the citizens of Pleasanton. Huizar in an effort to offer Plaintiff more computers that were desperately needed and had been requested by Plaintiff to handle day to day activities was to bring in more money from fines, quotas illegally and he would arrange for computers.

As a result of the underlying corrupt, criminal, and subversive activities, the documented efforts to block Plaintiffs' activities, including the latest misuse of legal process by the defendants, great harm has been inflicted upon city, state and national interests, directly as individuals in a Public Corruption "enterprise".

Over a period of several years' plaintiff ("Guerra") discovered and documented patterns of corrupt and criminal activities implicated in a series of emails, reports, requests to each Defendant to include the City Manager Huizar owing over $12,000 in back rent to the City of Pleasanton. The Plaintiff was blatantly asked to break state and federal law in her capacity as a Municipal Judge appointed by the City Council Defendants. Plaintiff also found the City

Manager and City Secretary had falsified their city applications concerning their criminal history which would have made them unsuitable for employment. The listed Defendants used their positions to terminate Plaintiffs employment because of her knowledge and discriminated against her because she was in a position to within months retire with full benefits from the City of Pleasanton. Similar issues with past employees who were male there was nothing done to the employee, but Plaintiffs used their positions to discriminate and retaliate against Plaintiff because of her age, sex and national origin.

Several corrupt schemes using legal process by members of the legal community were perpetrated against Guerra during the past two years in attempts to block his reporting of these criminal activities. These schemes, using legal processes, were accompanied by violations of substantive and procedural state and federal laws. The documented combination civil and constitutional violations were combined with criminal obstruction of justice and criminal retaliation against Plaintiff, seeking to halt his exposure activities and to inflict great personal and financial harm upon Plaintiff as part of the scheme. The Plaintiff contacted the Texas Ranger who was going to consult with the District Attorney office, but the City of Pleasanton Officials subverted this attempt and Plaintiff was advised her complaints were a federal offense.

Plaintiff hired Ben Sifuentes Attorney who misrepresented her with the EEOC complaint and investigation process. Sifuentes failed to submit accurate and timely information to the EEOC and left out documents that would have changed the outcome of the investigation. Sifuentes also advised Plaintiff after the investigation that there was no appeal process when there in fact was an appeal process. Mr. Sifuentes obtained and received numerous correspondences from the EEOC investigators that should have been shared and given the Plaintiff the opportunity to respond and provide documentation, but they were never presented to Plaintiff. Mr. Sifuentes pushed Plaintiff to obtain evidence and documents through open records form the City of Pleasanton when it was his job to do so and he in fact had been paid to provide those services to defend the Plaintiffs rights.

### Gravity of Federal Offenses Associated With Defendants' Conduct

In addition to the harm that their conduct would inflict upon Plaintiff, the defendants knew that their actions would hinder or halt the exposure of the corrupt and criminal acts that Plaintiff sought to report. They knew that they would be obstructing justice and inflicting harm upon a former Municipal Court Judge appointed by these individuals and witness to these activities. They knew the role played by the corruption of each Defendant as reported directly to them in emails, reports, documents and other writings. And they knew the effects upon the lives of people adversely affected by the corruption. These reported acts arise and are made possible by the effects of the criminal activities, the cover-ups, and the documented wrongful acts taken to block and silence Plaintiffs' constitutionally protected activities to do her job honestly and with integrity within the laws of the state and federal government.

Defendants knew that the great harm inflicted upon city, state and national interests would continue as that their sham to attempt to block Guerra and her sources from making known to the public and to public officials the crimes that continue to inflict great harm upon many people and upon vital U.S. and City of Pleasanton interests, so instead they breached her employment contract to subvert her attempts to report criminal behavior and requests.

Defendants again acted under color of state and federal law, knowing based upon fraud and a continuing conspiracy to impose on the Plaintiff in her capacity as Municipal Judge to impose illegal fines and commit fraud upon citizens of Pleasanton to raise more money for the city general fund. The Defendant Maldonado with the City Manager and support of the listed Public Officials Defendants pushed and bullied the Plaintiff to impose these illegal acts knowing they were against state and federal law and when she refused they terminated her employment contract and purposely avoided her lawful right to her retirement and insurance. Defendant Travis Hall Jr. was elected Mayor at the time of Defendants termination vote at council chambers open to the public and he made the motion for her termination. However, as per election laws of Texas and federal election rules Mayor Hall was supposed to step down from council until it was official, and he was sworn in as mayor. The rules and laws are clear he can make no recommendations or votes during this time period; however he made the motion to terminate Plaintiff which passed through council.

### Conduct Met Criteria For Conspiracy

Reasonable people, including a jury, could conclude that the defendants acted in a conspiracy, and that the sole purpose of the conspiracy was to halt Plaintiffs attempts to make known the information of criminal activities and to block Plaintiffs attempts to petition government relating to these crimes by eliminating her employment contract because she would not commit crimes as requested by raising quotas and illegally imposing additional fines she had not right to receive.

The facts indicate that all defendants acted in a conspiracy among themselves, and with

persons unknown who are directly or indirectly threatened by Plaintiffs' exposure activities. They engaged in multiple predicate acts as part of a conspiracy, inflicting great harm upon Plaintiff and inflicting harm upon interstate and international commerce.

### Combining Civil Rights and Due Process Violations with Obstruction Of Justice

The actions by the defendants and the conspiracy combined civil and constitutional violations, and fraud, with criminal activities. The criminal activities included obstruction of justice, misprision of felonies, and inflicted great harm upon Plaintiff and witness to halt his exposure of these crimes against the United States. Their conduct violated numerous criminal statutes involving offenses associated with obstruction of justice and inflicting harm upon Plaintiff and witnesses.

### Violating Plaintiff's Civil and Constitutional Rights Under Color Of State Law

The defendants violated Plaintiff's civil and constitutional rights under color of state law, in Texas, while acting in a conspiracy that involved criminal activities against the United States and the State of Texas.

### Predicate acts affecting interstate and foreign commerce and particularly aviation

Each of the defendants knew that their actions impeded Plaintiffs' public-spirited attempts to expose and halt the corrupt and criminal activities that he had discovered. They knew that their actions would block, directly and indirectly, Plaintiff=s reporting of corrupt and criminal acts associated with a long line of aviation grants and would aid and abet the continuation of the misconduct resulting in and that their actions affected interstate and international aviation.

Defendants violated Plaintiff's constitutional rights under the Petition Clause to petition government on matters relating to the corrupt, criminal, and treasonous conduct that he had discovered.

Defendants sought to block Plaintiff's exposure of crimes against the State of Texas, City Government, The United States through violations of federally protected rights: Defendants' conduct:

- Blocked the reporting of these criminal activities by using their executive rights to avoid exposure to citizens, state and federal officials.
- Violated Plaintiff's right to the First Amendment petition clause by attacking her exercise of this right through a sham and not allowing Plaintiff the right to speak for herself in executive session when other employees in the same circumstances are allowed to sit in executive session to speak up for themselves.
- Violated federal criminal statutes relating to blocking or inflicting harm upon Plaintiff.
- Violated federal criminal statutes by acting to block Plaintiffs reporting of criminal activities.
- Violated federal criminal statutes and state laws by not reporting to federal or state officials the criminal activities they discovered from Plaintiff's writings.

### Guaranteed Protection Against Consequences Of Their Unlawful Corrupt Activities

Defendants knew that Plaintiff's legal rights, protections, and defenses have been terminated by every level of the Texas judicial system and that these due process violations. This termination by a state judge through (a) direct acts consisting of orders barring Plaintiff the right to state and federal court access as guaranteed to all other citizens, including murders, terrorists, and other felons; and (b) through documented violations of large numbers of relevant substantive protections "guaranteed" by the laws and Constitution of the United States; and (c) denial of every relevant procedural due process right, protection and defense. In this way, the defendants felt confident that their civil and constitutional violations, and felony obstruction of justice and felony retaliation against Plaintiff would be protected in the courts.

### COUNT ONE
### (Violation of Civil Rights: Title 42 U.S.C. Section 1983-1985)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if fully stated in this Count.

All defendants directly and indirectly violated, and aided and abetted the violations, of plaintiff=s civil and constitutional rights under color of state law occurring in the states of Texas. By these acts they violated Title 42 U.S.C. Sections 1983-1985. Defendants failed to allow Plaintiff an avenue to defend herself after being terminated then falsified the documents to the

EEOC investigators stating Plaintiff termination was for job performance but in fact there never was any reprimands or any job issues ever for Plaintiff that were negative and in fact Plaintiff had received a recent raise. Defendants Huizar, Hall, and Maldonado manipulated the system and falsified the information to EEOC violating Plaintiffs rights.

## COUNT TWO
### (Conspiracy To Interfere With Civil Rights, Title 42 U.S.C. Section 1985,)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.

All defendants violated Title 42 U.S.C. Section 1985, by entering into a conspiracy to violate plaintiff=s civil rights. Defendants Hall, Huizar and Maldonado went outside the adopted rules of the City of Pleasanton and acted as individually by making the motion to terminate Plaintiff when Hall had no right to make that motion, then Huizar and Maldonado who is the legal counsel for the City manipulated the system by not allowing Plaintiff the right to defend herself or present her facts and case to council in executive session as they allow other city employees to do. Recent complaints against Hall, Huizar and Maldonado they were allowed in executive session and allowed to defend the complaints against them. These actions interfere with Plaintiffs civil rights.

## COUNT THREE
### (Negligence)

Plaintiff repeats and alleges Defendant Sifuentes neglected his duties as her hired attorney to represent her in her EEOC Complaint. Defendant committed negligence to Plaintiff. as a direct and proximate result of that negligence, Plaintiffs have been injured and suffered damages within the Jurisdictional limits of this Court.

Defendant Sifuentes took the case for Plaintiff but failed to properly represent her and failed to disclose of submit all the proper documentation to the EEOC Investigators. Sifuentes also advised Plaintiff that no appeal for the EEOC violations existed when in fact Plaintiff later learned she did have the option to appeal their decision with the additional information that Attorney Sifuentes omitted and left out. This information would have made the difference in her position of discrimination and would have significantly affected the outcome of the EEOC complaint. Defendant Sifuentes also communicated with EEOC on numerous occasions but never made the Plaintiff aware of any of these letters for conversations which will be shown in submitted exhibits. Defendant Sifuentes had an obligation to Plaintiff to represent her fairly and judiciously which he failed to do which will be shown in exhibits. Plaintiff additionally filed open records requests and obtained all documents for Attorney Sifuentes as he failed to obtain any documents or perform his duties as her hired attorney.

## COUNT FOUR
### (Intentional Violation and Deprivation of Common Law Torts)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.
All defendants intentionally perpetrated torts and other wrongful acts against plaintiff, and aided and abetted such wrongful acts, knowingly inflicting great harm upon plaintiff.

## COUNT FIVE
### (Violation of Constitutional Rights and Protections)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. All defendants, directly and indirectly, violated plaintiff=s rights and protections under the First and Fifth Amendments to the U.S. Constitution, including the right to petition government, to free speech, to report criminal and treasonous acts in government offices, and the protections against being deprived of liberty and property without and in violation of due process. Defendants acted in conjunction to violate Plaintiffs rights to defend her self against accusations for her job performance.

## COUNT SIX
### (Fraud Against Plaintiff)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.

All defendants engaged in a pattern of fraud against plaintiff and entered a conspiracy by their positions to do so, which inflicted great and irreparable harm upon Plaintiff. The fraud was perpetrated through affidavits filed in State and Federal Courts, executive session meetings, unlawful off-site meetings, stating as facts what they knew to be false, and then seeking to have it enforced in other states and through the court system. Defendants used the system to not allow Plaintiff the right to protect herself or attend meetings as they have done with other City Employees who were in the same or similar positions.

## COUNT SEVEN

(Interfering With Plaintiff's Right To Petition Government)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.

Defendants violated Plaintiff's first amendment right to petition government, as Plaintiff sought to report the criminal activities to government officials and agencies.

## COUNT EIGHT
(Fraudulent and Intentional Interference with Prospective Economic Advantage)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if fully stated in this Count.

All defendants directly and indirectly interfered with plaintiff=s prospective economic advantage and lawful rights to enjoy her job position without fear of retribution to speak up when unlawful or criminal requests are made by her superiors as a right of any citizen of the United States.

## COUNT NINE
(Negligent Interference with Prospective Economic Advantage)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if fully stated in this Count.

All defendants negligently interfered with plaintiff=s prospective economic advantage. Plaintiff was in the process of retiring and obtaining health benefits and because of that was in part of the reason for her termination and discrimination against Plaintiff.

## COUNT TEN
(Intentional Infliction of Emotional Distress)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if fully stated in this Count.

All defendants intentionally inflicted upon plaintiff Guerra emotional distress through fraud, conspiracy, and violation of civil and constitutional rights as they manipulated the system causing the Plaintiffs termination, loss of income, health benefits, and her live plants to die that were part of her parents funerals which were in her office as they did not allow her in the building while on administrative duty and causing her pain and suffering by taking away her insurance for her liver medical treatments. Police Officers later brought Plaintiffs plants to her house which all her office belongings were put into the Police Evidence Storage for no apparent reason.

## COUNT ELEVEN
(Negligent Infliction of Emotional Distress)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.

As a result of the above acts, Plaintiff Guerra suffered negligent infliction of emotional distress during the time frame covered by this Complaint.

## COUNT TWELVE
(Violation of Constitutional Due Process)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.

All defendants knowingly and repeatedly violated plaintiffs' right to procedural and substantive due process. Defendants did not allow Plaintiff to defend herself or rebut any claims as to her job employment status or corrective action, which none were identified as Plaintiff was given a raise up to her termination.

## COUNT THIRTEEN
(Invasion of Privacy)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.

All defendants repeatedly engaged in acts violating Plaintiffs' privacy and enjoyment of lawfully obtained rights to be free from persuasion, bullying, implications to commit fraud and illegal crimes toward the residents of Pleasanton as a Municipal Judge. Defendants terminated Plaintiffs position with no attached reprimands, counseling's, or any negative job performances, in fact up to and prior to her termination she was given praises and raise in monies. Plaintiff was told she was off for administrative duty and never given a reason for her termination just received a letter in the mail.

## COUNT FOURTEEN
(Conspiracy)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count.

All defendants engaged in a conspiracy with each other and people unknown to inflict harm upon Plaintiff for the purpose of halting the exposure of corrupt and criminal activities. Plaintiff had meetings with Huizar which were recorded that indicate she was not being terminated but placed on Administrative duty, then later fired in a letter sent to her home not listing a reason.

## COUNT FIFTEEN
### (Breach of Contract and Breach of Fiduciary Duty)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. 8. Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

Defendants owed Plaintiff a fiduciary duty. The duty was owed , among other reasons, because of a special relationship with the City of Pleasanton as an appointed official based upon their justifiable trust and confidence that included a trust that Defendants would care for her and do no harm to her and not put their profits in Municipal Courts over the safety and employment rights for Plaintiff. Defendants breached and betrayed that trust. That fiduciary duty required Defendants, among other things, to:
1. be open and honest with Plaintiff and to be honest with all who inquired about the ongoing business relationship and appointed office Plaintiff was entitled to.
2. Refrain from sacrificing Plaintiffs legal rights to not be forced to break the law through higher fines and quotas and not be able to enjoy the agreed terms and fiduciary duty owed to Plaintiff.
3. Make reasonable use of the confidence Plaintiff placed in Defendants;
4. Act in the utmost good faith and exercise the most scrupulous honesty toward Plaintiff;
5. Fully and fairly disclose all important information to Plaintiff concerning the proposed agreements and to disclose to city council and elected officials in written and verbal agreements.

Defendants breached their fiduciary duties to Plaintiff. as a direct and proximate result of that breach, Plaintiffs have been injured and suffered damages within the Jurisdictional limits of this Court.

Defendant Sifuentes took the case for Plaintiff but failed to properly represent her and failed to disclose of submit all the proper documentation to the EEOC Investigators. Sifuentes also advised Plaintiff that no appeal for the EEOC violations existed when in fact Plaintiff later learned she did have the option to appeal their decision with the additional information that Attorney Sifuentes omitted and left out. This information would have made the difference in her position of discrimination and would have significantly affected the outcome of the EEOC complaint. Defendant Sifuentes also communicated with EEOC on numerous occasions but never made the Plaintiff aware of any of these letters for conversations which will be shown in submitted exhibits. Defendant Sifuentes had an obligation to Plaintiff to represent her fairly and judiciously which he failed to do which will be shown in exhibits.

We also recognize the existence of an informal fiduciary duty that arises from a moral, social, domestic, or purely personal relationship of trust and confidence. See Cathey, 167 S.W.3d at 331;        Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 287 (Tex. 1998); see also Schlumberger Tech. Corp., 959 S.W.2d at 176. However, in order to give full force to contracts, we do not create such a relationship lightly. Schlumberger Tech. Corp., 959 S.W.2d at To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit. Cathey, 167 S.W.3d at 331, which this petition proves existed. The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendants; (2) the defendant must have breached his fiduciary duty to the plaintiff; and(3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant as in this case.

The breach has been consistent on both levels as material breach of contracts and breach of fiduciary duty when The City of Pleasanton elected officials have neglect in management and misrepresented and concealed information from the public that resulted in financial and loss of use of employment agreement and appointment damages to Plaintiff.

All defendants engaged in a breach of contract with each other and people unknown to inflict harm upon Plaintiff for the purpose of halting the exposure of corrupt and criminal activities by breaching an employment contract in an appointment as Municipal Judge for the City of Pleasanton for Plaintiffs refusal to break federal and state law with quotas and unlawful higher fines imposed as instructed by City Council to City Manager Huizar directly to Plaintiff. Additionally, Defendants used Plaintiffs age, her sex, and decimated against her because she was months away from retirement and health benefits and gave no valid reason for her termination.

## COUNT SIXTEEN
### (42 U.S.C. § 1983 – Violation of Fourth and Fourteenth Amendments)

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth

herein. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

Plaintiff in this action is a citizen of the United States for purposes of 42 U.S.C. § 1983. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as City Manager for the City of Pleasanton and City Officials and their acts or omissions were conducted within the scope of their official duties or employment. At the time of the complained of events, Plaintiff had the clearly established Constitutional right to be free from violation of due process under the Fourteenth Amendment and the Fourth Amendment. Defendants also violated the federal election laws and made motions and voted on items they had no right to do. Defendants acted outside policy, laws and federal rules to violate Plaintiffs fourth and fourteenth amendments.

Any reasonable person or employee of the City of Pleasanton knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time. Individual Defendants violated Plaintiffs Fourteenth Amendment rights to be free from malicious actions without due process when they worked in concert to prevent her from due process and rights afforded to him and any employee of Pleasanton and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial. On information and belief, Plaintiff has suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained by Defendants' conduct, as described above, was intended to and did inflict severe mental and emotional distress upon Plaintiff and her family. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

Defendants violated Plaintiff Fourth Amendment rights by seizing her property without a warrant or legal process from her City Office and placing into the City of Pleasanton Police Storage Vault without a hearing, warrants or any legal process or Plaintiffs rights to privacy.

### DAMAGES DEMANDED FROM DEFENDANTS

Plaintiff demands from defendants, damages, punitive damages, costs, and any potential damages, reinstatement of employment, back pay, retirement and health benefits owed to her, future attorney fees, and whatever other relief is provided by a jury and the court.

### Request for Disclosure

Plaintiff has filed this request to the City of Pleasanton and Defendants for discovery Pursuant to Texas Rules of Civil Procedure 194, you are hereby once again requested to disclose within fifty days after date of service of this Request, the information and the material described in Rule 194.2(a) through (i). More specifically, you are requested to disclose:
(a) The correct names of the parties to the lawsuit;
(b) The name, address and telephone number of any potential parties;
(c) Legal theories and in general the factual basis of Defendants' claims or defenses;
(d) All city policies, Human Resources Manuals, employment handbooks regarding terminating employment with appointed officials, amount of public money used to pay Maldonado as an Attorney for the City of Pleasanton since his first day of employment to current date.
(e) The name, address and telephone number of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;
(f) For any testifying expert:
(1) the expert's name, address and telephone number;
(2) the subject matter on which the expert will testify;
(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or, if the expert is not retained by, employed, or otherwise subject to the control of the responding party, Documents reflecting such information;
(4) if the expert is retained by, employed, or otherwise subject to the control of the responding party:
(5) All documents that pertain to Plaintiff employment records.
(A) all documents, tangible things, reports, models or data compilations that have been provided to, reviewed or for the expert in anticipation of the expert's testimony; and
(B) the expert's current resume and bibliography.

(g) Any discoverable indemnity and insuring agreements;
(h) Any discoverable settlement agreements relating to this case; and
(i) Any discoverable witness statements.

### Prayer and Relief Request

For the foregoing reasons, Plaintiff request that upon final trial or other disposition of this lawsuit, Plaintiff have and recover judgment against Defendants jointly and severally for the following:

(a) all damages requested;
(b) Reasonable and necessary attorney's fees or future Attorney fees;
(c) Pre-judgment and post-judgment interest as provided by law;

(d) Costs of court;
(e) Exemplary damages; and
(f) Such other and further relief, at law or in equity, to which Plaintiffs
Are justly entitled.
Plaintiff will prove each count during the discovery phase which will suffice to move the court to a jury trial. Plaintiff will submit evidence and exhibits to the court including audio recordings at a later date. **A Jury trial is respectfully requested:**

Dated: April 28, 2020.

Elsie Guerra

Plaintiff Pro Se

### CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2020, I filed the foregoing with the Clerk of Court hand carried. Plaintiff will electronically submit a copy upon all defendants prior to being served by the US Marshalls Office. Court not deliver had to be mailed due to Covid-19

Elsie Guerra
- Pro Se

2 | GUERRA V. CITY OF PLEASANTON ET AL



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website: www.eeoc.gov

Sifuentes, Jr, Ben M
Denton Navarro Rocha Bernal & Zech
417 San Pedro Avenue
San Antonio, TX 78212

Re:   EEOC Charge:   451-2019-00688
      Charging Party: Elsie Guerra
      Respondent:     CITY OF PLEASANTON

Dear Mr. Sifuentes, Jr.:

Thank you for the additional information you submitted in response to our preliminary assessment of the evidence. We want to assure you that all the evidence submitted by you and the employer has been considered in our review of your client's case.

After review of the additional information you provided, it remains our assessment that further investigation is unlikely to result in a violation of the statutes we enforce. As explained in our October 21, 2019 predetermination letter, the evidence indicates Respondent was unhappy with Charging Party's job performance and therefore believed it had a legitimate nondiscriminatory reason to terminate her employment. The available information does not support a conclusion that Charging Party's sex, age, race or disability were factors in your client's employment experiences. While we realize that you have firm views that the evidence supports your position your client was discriminated against, the final determination must comport with our interpretation of the available evidence and the laws we enforce.

Accordingly, we decline to take further action on the charge. Please find enclosed **Dismissal and Notice of Rights** that represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your client's right to pursue the matter by filing a lawsuit in federal court within ninety (90) days of receipt of the dismissal notice. If you or your client fail to file a lawsuit within the statutory ninety (90) day period following receipt of our dismissal notice, your client's right to sue in federal court will expire and cannot be restored by EEOC.

Sincerely,

1/31/2020
Date

Norma Guzman
Enforcement Manager

Enclosure: Dismissal and Notice of Rights
cc:

Elsie Guerra
1257 Encino Dr.
Pleasanton, TX 78064

SAFO DCL 2020

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Elsie Guerra
1257 Encino Dr.
Pleasanton, TX 78064

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2019-00688 | De Anna M. Hayward, Federal Investigator | (210) 281-7650 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     1/31/2020
Travis G. Hicks,                    (Date Mailed)
Director

Enclosures(s)

cc: Clarissa M. Rodriguez
Denton Navarro Rocha Bernal & Zech
2517 N. Main Avenue
San Antonio, TX 78212

Ben Sifuentes, Jr.
Ben M. Sifuentes, Jr., P.C.
417 SAN PEDRO AVENUE
San Antonio, TX 78212

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered in** determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:* Although the amended ADA states that the definition of disability *"shall be construed broadly"* and *"should not demand extensive analysis,"* some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

U.S. POSTAGE >> PITNEY BOWES

ZIP 78229 $ 000.50
02 4W
0000361593 FEB 03 2020

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO FIELD OFFICE
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

Elsie Guerra
1257 Encino Dr.
Pleasanton, TX 78064

7806431101 R002

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Elsie Guerra

**DEFENDANTS**
City of Pleasanton, et al, Individually Travis Hall Jr., Johnny Huizar, Robert Maldonado, Ben Sifuentes.

**(b)** County of Residence of First Listed Plaintiff: Atascosa
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Atascosa
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro - Se

Attorneys *(If Known)*
unknown

SA20CA0536 XR

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
COMPLAINT FOR DAMAGES ARISING FROM VIOLATION OF CIVIL RIGHTS (Title 42 U.S.C. §§ 1983-1986); R
Brief description of cause:
COMPLAINT FOR DAMAGES ARISING FROM VIOLATION OF CIVIL RIGHTS (Title 42 U.S.C. §§ 1983-1986); R

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** over 1 million

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/01/2019  4-29-2020

SIGNATURE OF ATTORNEY OF RECORD
Pro Se *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE  MJ-ESC