IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELSIE GUERRA, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00536-XR |
| vs. | § § § | |
| CITY OF PLEASANTON, INDIVIDUALLY; TRAVIS HALL JR., CURRENT MAYOR OF PLEASANTON, TEXAS; JOHNNY HUIZAR, CITY MANAGER OF PLEASANTON, TEXAS; ROBERT (BOBBY) MALDONADO, LEAD COUNCIL FOR THE CITY OF PLEASANTON, TEXAS; AND BEN SIFUENTES, WAS COUNCIL FOR THE PLAINTIFF; | § § § § § § § § § | |
| *Defendants.* | | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Appoint Counsel [#10], which was referred to the undersigned for disposition on August 7, 2020. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By her motion, Plaintiff requests the appointment of an attorney to represent her in this case. Having considered the motion and documentation provided by Plaintiff, the Court will deny the motion.

Plaintiff's Complaint [#5] sues the City of Pleasanton, her former employer, and several individuals who work for the City in their individual capacities—Travis Hall, Jr. (Mayor of Pleasanton), Johnny Huizar (City Manager of Pleasanton), and Robert "Bobby" Maldonado (Pleasanton's attorney) (collectively "the City Defendants").[1] Plaintiff also sues Ben Sifuentes,

---

[1] Plaintiff also named Ben Sifuentes, her attorney during proceedings before the Equal Employment Opportunity Commission ("EEOC") as a Defendant, but the undersigned

the attorney who represented her in prior proceedings before the Equal Employment Opportunity Commission ("EEOC").  Plaintiff alleges that Defendants conspired to terminate her employment as a judge for the City of Pleasanton Municipal Court in retaliation for her attempt to expose Defendants' "corrupt, criminal, and subversive activities" and her refusal to commit certain ordered illegal acts in her role as judge. (Compl. [#5] at 1.) According to the Complaint, Defendants established a quota to increase the collection of funds from the citizens of Pleasanton through fraudulent citations and illegal fines.  (*Id.* at 2–3.)  Plaintiff also contends that Defendants used their official positions with the City to "discriminate and retaliate against Plaintiff because of her age, sex and national origin" and prevent her lawful right to her retirement and other benefits.  (*Id.* at 3.)

Plaintiff's proposed Complaint asserts 16 separate causes of action, some of which are federal claims under 42 U.S.C. § 1983 and some of which arise under Texas law, such as breach of contract and intentional infliction of emotional distress.  Although Plaintiff does not specifically invoke Title VII or the Age Discrimination in Employment Act (ADEA) in her Complaint, she does allege facts regarding age, sex, and national origin discrimination related to her employment and termination.  Plaintiff also alleges that Defendants violated her rights to free speech and due process, engaged in a conspiracy to violate her civil rights and to terminate her employment through a sham process, and falsified documents submitted to the EEOC to hide the real reason for her termination.

This Court has discretion to appoint counsel in a civil case, but there is no right to the appointment of counsel.  *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Under governing law, appointment of counsel in a civil case

---

recommended that Plaintiff's claims against Sifuentes be dismissed as frivolous as part of the initial review of this case under 28 U.S.C. § 1915(e).

should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the plaintiff's ability to adequately investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The Court finds no exceptional circumstances to be present in this case. Plaintiff's Complaint indicates that she was previously employed as a municipal judge and therefore likely has legal training and experience. Plaintiff's Complaint demonstrates a clear understanding of the facts underlying her case, communicates the causes of action she intends to pursue, and evidences an ability to communicate them to the court. The Court therefore finds Plaintiff is able to adequately represent herself in this case. If at a later juncture, the case becomes procedurally or substantively complex, or if the case proceeds to trial, Plaintiff may again petition the Court for the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel [#10] is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 18th day of August, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE