**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ELSIE GUERRA, *Plaintiff* | § § § | |
| -vs- | § § § | |
| CITY OF PLEASANTON, INDIVIDUALLY; TRAVIS HALL JR., CURRENT MAYOR OF PLEASANTON, TEXAS; AND JOHNNY HUIZAR, CITY MANAGER OF PLEASANTON, TEXAS; *Defendants* | § § § § § § § § | SA-20-CV-00536-XR |

## **ORDER**

On this date, the Court considered Plaintiff Elsie Guerra's motion for an extension of the deadline to file an appeal (ECF No. 35). After careful consideration, the Court issues the following order.

## **BACKGROUND**

On April 26, 2021 this Court granted Defendants' motion to dismiss. ECF No. 31. Plaintiff subsequently filed a Notice of Appeal on May 10, 2021. ECF No. 33. The Federal Rules of Appellate Procedure require a notice of appeal "to be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(1)(a). This deadline requires the clerk to file the notice of appeal within 30 days of the judgment, not that the Notice of Appeal be postmarked within 30 days of the judgment. *Trepanier v. City of Blue Island,* 364 F. App'x 260, 261 (7th Cir. 2010). Accordingly, this Court found that Plaintiff's Notice of Appeal was untimely. ECF No. 35 at 2. Plaintiff subsequently filed a motion for an extension of the deadline to file an appeal on May 24, 2021. ECF No. 36.

Additionally, Plaintiff filed a motion to proceed *in forma pauperis* on May 10, 2021. ECF No. 34. An appeal may not be taken *in forma pauperis* if the appeal fails to present a non-frivolous issue. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Plaintiff's appeal did not state any substantive issue, much less a non-frivolous one. Accordingly, this Court denied Plaintiff's motion. ECF No. 35 at 3.

## DISCUSSION

### I. Legal standard

The district court may grant an extension of the deadline to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A). The standard for determining the existence of excusable neglect is an equitable one that allows the district court discretion based on consideration of the following factors: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468–69 (5th Cir. 1998) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Ignorance or misinterpretation of the rules do not usually constitute excusable neglect. *Pioneer*, 507 U.S. at 392. However, excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.*

This district court has more leeway in determining excusable neglect when the district court grants the motion requesting a time extension. *Stotter v. Univ. of Tex. San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (citing *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998)).

In *Stotter*, the Fifth Circuit held the district court acted properly within its discretion when it found a late filing due to an attorney's accidently entering the wrong year onto a new computer-based calendar was excusable neglect. *Stotter*, 508 F.3d at 820. In upholding the district court's finding, the Fifth Circuit relied on the leeway granted to district courts under the excusable neglect standard, the excuse provided, and the minimal delay and prejudice involved. *Id.*

Mere ignorance of the rules does not usually constitute excusable neglect. *Pioneer,* 507 U.S. at 392; *Halicki*, 151 F.3d at 468–69. However, the district court can, in exercising its discretion, find an erroneous reading of the rules to constitute excusable neglect. *Id.* at 468. The Fifth Circuit held a district court did not abuse its discretion when it found excusable neglect as a result of "good faith misinterpretation of the rules, rather than . . . simply miscalculating the date on which the notice was due." *U.S. v. Evbuomwan*, No. 93-1738, 1994 WL 523681, at *2 (5th Cir. Sept. 8, 1994). In *Evbuomwan*, the Fifth Circuit upheld a district court finding of excusable neglect for a two-day late filing, noting the standard for excusable neglect is "at bottom an equitable one." *Id.* (citing *Pioneer*, 507 U.S. at 395).

**II.     Analysis**

**A.     Plaintiff's motion to extend the deadline to file an appeal was timely.**

Plaintiff filed her motion to extend the deadline to file an appeal on May 24, 2021. ECF No. 36. This filing was within 30 days of the deadline to file a Notice of Appeal permitted by the Federal Rules of Appellate Procedure. *See* FED. R. APP. P. 4(a)(5)(A)(i).

**B.  Plaintiff's failure to file a timely Notice of Appeal was due to excusable neglect.**

Defendants assert that Plaintiff's motion for an extension of time to file an appeal should be denied because "Plaintiff's ignorance, mistakes, proceeding *pro se*, and misconstruction of the rules does not satisfy the 'excusable neglect' standard." ECF No. 37 at 3. Although it is rare for ignorance of the rules to constitute excusable neglect, misinterpretation of the rules is not entirely

3

precluded as excusable neglect. *See Pioneer*, 507 U.S. at 395; *Evbuomwan*, 1994 WL 523681, at *2. Moreover, Plaintiff offers reasons beyond an erroneous understanding of the rules to explain why she filed her Notice of Appeal after the deadline.

Plaintiff offers an impending liver transplant, frequent medical appointments, debilitating illness, an infirm spouse, and inability to find an attorney to assist her as "extreme unforeseen circumstances" that kept her from filing a timely Notice of Appeal. ECF No. 36 at 1–2. Defendants argue many of these issues were not unforeseen, as they were listed in Plaintiff's previous pleadings. ECF No. 37 at 3. Plaintiff did note her worsening health, her husband's physical limitations, and her inability to find an attorney to represent her before seeking an extension on the deadline to file an appeal. ECF No. 1 at 5; ECF No. 34 at 2, 10. However, the expected liver transplant and medical treatment for bouts of vomiting and anemia are mentioned for the first time in Plaintiff's motion for an extension.

The *Pioneer* factors indicate that Plaintiff's case is one of excusable neglect. First, there is no danger of prejudice to the non-moving party. Defendants do not appear to assert that granting Plaintiff an extension will cause them any undue prejudice. Second, the length of the delay would be minimal. "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." FED. R. APP. P. 4(5)(C). Third, the reason for the delay, Plaintiff's deteriorating health, was not within her reasonable control. Finally, Plaintiff asserts that she "in good faith believed the deadline was sufficient if the deadline was postmarked prior to receiving and in good faith believed a notice of appeal was required not the actual appeal." ECF No. 36 at 2.

The district court has discretion in determining excusable negligence, *Stotter*, 508 F.3d at 820, because, at base, the determination is an equitable one. *Pioneer*, 507 U.S. at 395. On balance,

equitable consideration of the *Pioneer* factors and the fact that Plaintiff's federal claims were dismissed with prejudice, ECF No. 31 at 12, warrant a finding of excusable neglect.

### C. Plaintiff's motion to proceed *in forma pauperis* was deficient.

Plaintiff's motion to proceed *in forma pauperis* submitted alongside her untimely Notice of Appeal was denied because the appeal was not taken in good faith. ECF No. 35 at 3. Under Federal Rule of Appellate Procedure 24(a), a party who desires to appeal *in forma pauperis* must file a motion in the district court accompanied by an affidavit that "states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1)(C). "An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous." *Washington v. Plano Indep. Sch. Dist.*, No. 4:15-CV-789, 2017 WL 2416331, at *2 (E.D. Tex. June 5, 2017) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)). "To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988)). "If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in 'good faith' and the movant's petition to appeal in forma pauperis must be denied." *Id.* (citing *Howard*, 707 F.2d at 220).

Plaintiff's motion to proceed *in forma pauperis* on appeal did not contain any grounds for appeal, nor did her Notice of Appeal give any indication of her intended grounds for appeal. Accordingly, the Court was unable to discern the existence of any non-frivolous issue for appeal and denied her motion. Plaintiff's motion for reconsideration seeks an extension of time to file a Notice of Appeal, but still does not demonstrate any non-frivolous grounds for appeal. If Plaintiff timely files a Notice of Appeal, the Court will reconsider its ruling denying her leave to proceed *in forma pauperis* on appeal. If Plaintiff files such a motion for reconsideration, she must

demonstrate a non-frivolous issue on appeal in addition to financial need. Thus, reconsideration of the motion for leave to proceed *in forma pauperis* on appeal is denied at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Extension of the Deadline to File an Appeal (ECF No. 36) is **GRANTED**. Plaintiff is given fourteen (14) days from the filing of this Order in which to file her Notice of Appeal. *See* FED. R. APP. P. 4(a)(5)(C).

The Clerk is **DIRECTED** to mail a copy of this Order to Elsie Guerra at 1257 Encino Drive, Pleasanton, TX 78064.

**SIGNED** this 9th day of June, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE